Argued and submitted July 23, reversed and remanded September 9, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NADEZHDA VOYPANYUK,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR73058; A172109

497 P3d 819

Jon Ghastin, Judge pro tempore.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Defendant appeals a judgment of conviction on one count of driving under the influence of intoxicants (DUII) raising two assignments of error. In her first assignment, defendant challenges the trial court's denial of her motion to suppress. The state concedes the error. Because, based on this record, we accept the state's concession, we reverse and remand. We decline to exercise our discretion to address the second assignment of error, pertaining to a requested jury instruction, because it is not certain that matter will arise on remand.

While conducting a DUII investigation that began with a traffic stop, it became apparent to Deputies Gerkman and Promma that defendant did not speak English. They took defendant to the Troutdale Sheriff's Office and called Language Line—an interpreter service commonly used by the sheriff's department—to communicate with defendant in Russian. The Language Line "establish[ed] a line of communication between [defendant] and the person speaking," and defendant appeared to understand what was happening.

A deputy read *Miranda* warnings in English to the Language Line translator and gave the translator an opportunity to read them to defendant. Then, through the translator, a deputy asked defendant if she understood her rights. Defendant responded through the translator, "Yes."

Deputy Johnson came to assist Gerkman and Promma because she is fluent in Russian. Johnson "asked immediately when [she] met [defendant] if she had been read *Miranda* rights and [Johnson] was told that that was done via the Language Line and that [defendant] has understood them." Johnson did not re-*Mirandize* defendant.

Before the trial court, and on appeal, defendant argues that Article I, section 12, of the Oregon Constitution requires that a defendant's waiver of her right to counsel and against compelled self-incrimination be knowing, intelligent, and voluntary. As defendant argues, without evidence about the translator or the translation, the trial court could not find that the deputies ever communicated defendant's rights to her, that defendant thus understood

her rights, and that defendant thus knowingly, intelligently, and voluntarily waived her rights.

As indicated, the state concedes the error. We accept the state's concession, but note that our decision to do so is confined to the facts of this case. Here, the state offered no testimony about the Language Line generally, how it operated, how it trained its interpreters, whether it was subject to industry accreditation or certification, or whether it conformed to interpreter standards for court interpreter services. We need not, in this case, denote the boundaries of what, if any, testimony about the Language Line could have alleviated the constitutional violation. It is sufficient to note that in this case, on this record, there was nothing in that regard. As such, the state's concession is well taken, as is the state's concession that the results of the eventual breath test are not attenuated and require suppression.

Reversed and remanded.